IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MATTHEW GARCIA, | Cause No. CV 26-33-BLG-DWM |
| Petitioner, | |
| vs. | ORDER |
| SHERIFF BRANDOM KELM, | |
| Respondent. | |

Petitioner Matthew Garcia ("Garcia"), a convicted state prisoner presently being held at the Custer County Detention Facility on a petition for revocation of his suspended sentence, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. 1.)

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a).  The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2).  The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases.  As explained below, because Garcia's petition is unexhausted, it will be dismissed without prejudice.

1

**Background**

Garcia was arrested on February 12, 2026, for driving while suspended in Yakima County, Washington.  (Doc. 1 at 7, 11.)  He alleges that he was held at the Yakima County Jail without a probable cause hearing and he was not served with a warrant.  On February 27, 2026, Garcia was transported to Custer County, Montana, pursuant to a bench warrant.  (*Id*. at 11); *see also*, (Doc. 1-1 at 1-2.) Garcia appeared before District Court Judge Michael B. Hayworth on March 3, 2026.  He is still awaiting a final hearing on the petition to revoke his suspended sentence.  (Doc. 1 at 11.)  Garcia alleges that his Fourth Amendment right to a prompt judicial determination of probable cause was violated when he was arrested without a warrant.  (Doc. 1 at 7, 10.)

Garcia seeks injunctive and declaratory relief under 42 U.S.C. §1983.  He also seeks immediate release from his purportedly unlawful detention. (Doc. 1 at 8.)  Garcia indicates he intends to file a "class action" at some point as he believes that his current situation is not isolated.  Finally, he seeks compensatory damages in the amount of $1.5 million.  (*Id*. at 8, 16.)

**Analysis**

It appears that Garcia is presently being held in the Custer County Detention Center on a hold from the Montana Department of Corrections.[1]  28 U.S.C. §2241

---

[1] *See*, Custer County Inmate Roster: https://custercountymt.gov/emergency-enforcement/sheriff/

"provides generally for the granting of writs of habeas corpus by federal courts, implementing 'the general grant of habeas authority provided by the Constitution.'" *Frantz v. Hazey*, 533 F. 3d 724, 735 (9th Cir. 2008 (en banc) (quoting *White v. Lambert*, 370 F. 3d 1002, 1006 (9th Cir. 2004).  Section 2241 provides the authority for granting habeas relief to a person "who is not in custody pursuant to a state court judgment" but, rather, who is in custody for some other reason, such a pretrial detention or awaiting extradition.  *White*, 370 F. 3d at 1006.

"District Courts are authorized by 28 U.S.C. §2241 to consider petitions for habeas corpus." *Castro-Cortez v. INS*, 239 F. 3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Bargas v. Gonzales*, 548 U.S. 30 (2006).  "That section does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus."  *Id*.; *see also Liang v. Ashcroft*, 370 F. 3d 994, 1000-1001 (9th Cir. 1994). The principles of federalism and comity, however, require that this court abstain and not entertain a pretrial habeas challenge unless the petitioner shows: (1) exhaustion of available state judicial remedies, and (2) "special circumstances" warrant federal intervention.  *Carden v. Montana*, 626 F. 2d 82, 83-4 & n.1 (9th Cir.), *cert. denied,* 449 U.S. 1014 (1980); *see also, Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *Samuels v. Mackell*, 401 U.S. 66, 68-74 (1971)(under principles of comity and federalism, a federal court

_____

(accessed April 7, 2026.)

should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances).

On the face of his petition, Garcia acknowledges that he has not yet appeared for his final revocation hearing.  Similarly, he apparently has not attempted to present his claims and/or challenge his detention in the state district court or the Montana Supreme Court.  *See*, (Doc. 1 at 3-6.)  Thus, to the extent that Garcia presents claims that are cognizable in federal habeas, these claims are unexhausted.

Moreover, the exception for "special circumstances" is limited to "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *Carden*, 626 F. 2d at 84.  Garcia's disagreement with the course of his state revocation proceedings and conclusory allegations are not the type of unusual circumstances that might justify an exception to *Younger* abstention.  Garcia may attempt to obtain the relief he seeks via his pending state court proceedings, on direct appeal, or by filing an original habeas action in the state court.

Garcia has not exhausted his state court remedies, and his situation does not involve an adequately "unusual" circumstance.  His § 2241 petition will be

dismissed without prejudice, allowing Garcia the opportunity to return to this Court if and when he fully exhausts his claims.

To file a Section 1983 civil rights action, Garcia must do so in a separate proceeding. He may not file a hybrid habeas/civil rights petition. Finally, to the extent that Garcia seeks monetary relief in this action, he needs to know monetary damages are not available in a habeas proceeding. *See*, 28 U.S.C. §2254; *McCarthy v. Bronson*, 500 U.S. 136 (1991)(recognizing two primary categories of suits brought by prisoners- applications for habeas corpus relief and actions for monetary or injunctive relief under 42 U.S.C. §1983).

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The claims Garcia attempts to present are unexhausted and do not meet the

5

"unusual circumstances" exception to abstention.  Accordingly, reasonable jurists would find no reason to encourage additional proceedings at this time.

Based on the foregoing, the Court enters the following:

## ORDER

1.  Garcia's Petition (Doc. 1) is DISMISSED without prejudice.

2.  The Clerk of Court is directed to enter a judgment of dismissal.

3.  A certificate of appealability is DENIED.

DATED this 8th day of April, 2026.

_____
Donald W. Molloy, District Judge
United States District Court